**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**PAUL MANNING,**                                          CASE NO. 3:23 CV 175

    Plaintiff,

    v.                                                                JUDGE JAMES R. KNEPP II

**JUDGE AMY BERLING, et al.,**
                                                                        **MEMORANDUM OPINION AND**
    Defendants.                                            **ORDER**

### INTRODUCTION AND BACKGROUND

*Pro se* Plaintiff Paul Manning has filed a civil rights complaint in this case under 42 U.S.C. § 1983 against Toledo Municipal Court Judge Amy Berling, Lucas County Probation Officer James Foster, the City of Toledo, and the City of Toledo Police Department. (Doc. 1). He seeks $10 million in damages against the City and its Police Department, $3.5 million against Judge Berling, and $5 million against Defendant Foster for alleged civil rights violations in connection with a state criminal case or cases brought against him. (Doc. 1, at 5).

Plaintiff was found guilty of aggravated menacing pursuant to a no contest plea in a case brought against him in Toledo Municipal Court over which Judge Berling presided. *City of Toledo v. Manning*, No. CRB-21-03637-0102 (Tol. Mun. Ct.). Judge Berling sentenced him to six months' incarceration, which was suspended, and plaintiff was placed on one year of active probation. On February 28, 2023, Plaintiff filed an appeal from his conviction to Ohio's Sixth District Court of Appeals, which is currently pending. *See City of Toledo v. Manning*, No. 2023-1045 (Ohio 6th Dist. Ct. App.).

In his Complaint, Plaintiff contends Judge Berling violated his rights in the Municipal Court case, including by assigning him a public defender without his consent and failing to hear

his motions. (Doc. 1, at 3-4). He contends Defendant Foster violated his rights and defamed him in October 2021 by creating "a disturbance in a mental health facility slandering his name." *Id.* at 4, ¶ II, D. He alleges Foster falsely reported to Unison Behavior that Plaintiff had COVID-19 and "lied on a court document stating that [Plaintiff] caused a scene when in fact [Foster] created a scene built on his own lies." *Id.* at 4 ¶ III, C. Plaintiff alleges a state court judge subsequently found him "guilty" in connection with Foster's false statements. *Id.*[1]

The Complaint does not set forth specific discernible allegations as to the City of Toledo or its Police Department.

Judge Berling filed a Motion to Dismiss the complaint against her pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) on the basis of, among other grounds, judicial immunity. (Doc. 10). Plaintiff has not responded to this motion.

The City of Toledo filed a Motion to Dismiss or, in the alternative, to stay the case on the basis of the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971) in light of Plaintiff's pending appeal in his criminal case. (Doc. 4). Plaintiff filed an opposition. (Doc. 9).

Plaintiff has also filed a motion to proceed *in forma pauperis*. (Doc. 2). That motion is granted. For the reason stated below, this action is dismissed as against all Defendants.

## STANDARD OF REVIEW

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim upon which relief can be granted. In order to survive a dismissal for failure to state a claim, a "complaint must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-

---

1. Plaintiff does not clearly identify the state-court criminal case to which his allegations regarding Foster pertain.

moving party's favor. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Even in the absence of a motion to dismiss, federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

The dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570 for determining a Rule 12(b)(6) motion to dismiss governs dismissals of complaints for failure to state a claim under § 1915(e)(2)(B). *Hill*, 630 F.3d at 470-71.

## DISCUSSION

Upon review, the Court finds Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(6) and § 1915(e)(2)(B) because, even liberally construed, it fails to state a plausible claim upon which he may be granted relief against any Defendant.

First, Plaintiff's Complaint fails to state a plausible damages claim against Judge Berling. It is well-settled that judges enjoy absolute immunity from civil suits seeking monetary damages on claims arising out of the performance of judicial or quasi-judicial functions. *Mireles v. Waco*, 502 U.S. 9 (1991). This far-reaching protection is justified "by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute immunity may be overcome in only two situations: where a judge engages in

3

non-judicial actions (*i.e.*, actions not taken in the judge's judicial capacity), or acts taken in the complete absence of all jurisdiction. *Id.* at 1116.

Plaintiff does not allege facts plausibly suggesting that Judge Berling took any action falling outside of the scope of her absolute judicial immunity. To the contrary, Plaintiff only cites actions taken by Judge Berling in her official capacity during his criminal case. Judge Berling is absolutely immune from Plaintiff's suit.

Plaintiff's Complaint also fails to allege a plausible claim against Foster under § 1983, which "imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Defamation, as Plaintiff alleges against Foster, is "a tort actionable under the laws of most States, but not a constitutional deprivation" actionable under § 1983. *Siegert v. Gilley*, 500 U.S. 226, 233 (1991); *see also Winbush v. Sanchez*, 2019 WL2579636, at *1 (E.D. Tenn.).

Further, in *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 486-87 (1994). Where a judgment in a plaintiff's favor on his claims would necessarily imply the invalidity of a criminal conviction, he has no claim cognizable under § 1983 unless he first demonstrates his conviction's prior invalidation. *See id.* at 484, 487.

Plaintiff's claims in this case against all Defendants rest on the premise that he was wrongly charged or convicted in a state criminal case. A judgment in his favor on these claims

would therefore necessarily imply the invalidity of a state court criminal conviction, but he has not alleged or demonstrated any state criminal conviction he challenges has been called into question or invalidated in any of the ways articulated in *Heck*. Accordingly, under *Heck*, Plaintiff's Complaint alleges no cognizable claim under § 1983.

Additionally, the City of Toledo "Police Department" is not an entity subject to suit under § 1983. *Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (holding that Ohio courts and police departments are not *sui juris* for purposes of suit under § 1983).

Finally, Plaintiff has not alleged facts demonstrating that a custom or policy of the City of Toledo itself caused a violation of his constitutional rights. *See Bd. of the Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1996) (a plaintiff seeking to impose liability on a municipality under § 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury"); *see also Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978).

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Proceed *In Forma* Pauperis (Doc. 2) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Judge Berling's Motion to Dismiss (Doc. 10) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiff's Complaint be, and the same hereby is, DISMISSED against all Defendants pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE